UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:18-CV-219-JHM

**SOUTHERN FINANCIAL GROUP, LLC**
**900 Austin Avenue, Suite 900**
**Waco, TX 76701**                                                              **PLAINTIFF**

    v.

**NEW DAY DEVELOPMENT, LLC F/K/A**
**BRAMER-FERRIELL-STOESS, L.L.C.**
**c/o Clayton E. Stoess, Jr., Registered Agent**
**6541 W. Hwy. 22**
**Crestwood, KY 40014**

**HY-POINT FAMILY LIMITED PARTNERSHIP**
**c/o Clayton E. Stoess, Jr., Registered Agent**
**6541 W. Hwy. 22**
**Crestwood, KY 40014**

**UNITED CITIZENS BANK & TRUST COMPANY**
**c/o President or Chief Executive Officer**
**8198 Main Street**
**Campbellsburg, KY 40011**

**COMMONWEALTH OF KENTUCKY, COUNTY OF**
**OLDHAM**
**c/o David Voegele, Judge-Executive**
**100 W. Jefferson Street**
**LaGrange, KY 40031**

**COMMONWEALTH OF KENTUCKY, CITY OF**
**CRESTWOOD**
**c/o Dennis Deibel, Mayor**                                                    **DEFENDANTS**
**P.O. Box 186**
**Crestwood, KY 40014**

### COMPLAINT ON PROMISSORY NOTE AND FOR FORECLOSURE

    Plaintiff Southern Financial Group, LLC (the "Plaintiff"), through undersigned counsel, states for

its Complaint against the above defendants:

12269672 _2

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Texas limited liability company with its principal place of business located in Waco, Texas.

2. Defendant New Day Development, LLC, formerly known as Bramer-Ferriell-Stoess, L.L.C. (the "Defendant" or "Borrower"), is a Kentucky limited liability company with its principal place of business in Crestwood, KY.

3. Defendant Hy-Point Family Limited Partnership is a Kentucky limited partnership, and is the titleholder of the Property (as that term is defined below).

4. Defendant United Citizens Bank & Trust Company is a Kentucky corporation with its principal place of business in Campbellsburg, KY.

5. Defendant Commonwealth of Kentucky, County of Oldham ("Oldham County") is a county of the Commonwealth of Kentucky.

6. Defendant Commonwealth of Kentucky, City of Crestwood ("Crestwood") is a home rule-class city in Oldham County, Commonwealth of Kentucky.

7. Diversity jurisdiction is proper pursuant to 28 USC § 1332 as the Plaintiff and the Defendants are residents of different states and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as both the Borrower and the Property (as defined below) reside herein.

## COUNT ONE – BREACH OF PROMISSORY NOTE

9. On December 21, 2006, Branch Bank and Trust Company (the "Original Lender") extended a line of credit in the amount of $2,200,000.00 (the "Loan") to Bramer-Ferriell-Stoess, L.L.C.,

pursuant to a certain Loan Agreement of the same date (the "Loan Agreement").  A copy of the Loan Agreement is attached as Exhibit A.

10. To evidence the Loan, Bramer-Ferriell-Stoess, L.L.C. executed a certain Promissory Note in the principal amount of $2,200,000.00 dated December 21, 2006.  The Promissory Note shall be referred to as the "Note."  A copy of the Note with Allonge to the Plaintiff attached thereto is attached as Exhibit B.

11. On or about December 7, 2010, the Original Lender assigned the Loan to the Plaintiff.

12. On October 5, 2012, Bramer-Ferriell-Stoess, L.L.C. amended its articles of organization with the Kentucky Secretary of State to change its name to New Day Development, LLC.  New Day Development, LLC will hereafter be referred to as the "Defendant" or the "Borrower".

13. On or about June 18, 2013, the Loan Agreement and the Note were modified by that certain Modification, Renewal and Extension of Note, Mortgage and Other Loan Documents, a copy of which is attached as Exhibit C.

14. The Loan Agreement and the Note are in default as the Loan has matured but remains unpaid.

15. As a result of the Borrower's default as set forth above, the Plaintiff accelerated all unpaid principal amounts and all accrued and unpaid interest due under the Note.

16. All conditions precedent to the Plaintiff's enforcement of the Loan Agreement and the Note have occurred.

17. As a result of the above default and acceleration, the Plaintiff is presently owed on the Note and the Mortgage (as that term is defined below) from the Borrower the following:

| Principal | $1,216,988.96 |
| --- | --- |
| Accrued Interest | $84,492.44 |
| **TOTAL** | **$1,301,481.40** |

plus regular interest that continues to accrue at the per diem rate of $141.70419 from April 2, 2018, plus any un-refunded portion of the bond the Plaintiff posted on behalf of the Borrower for the benefit of the Oldham County, Kentucky Planning and Zoning Commission, plus fees and advances that continue to accrue, plus the Plaintiff's attorney fees and costs accrued to date, and those which it will continue to accrue thereafter.

### COUNT TWO – FORECLOSURE OF MORTGAGE

18. The Plaintiff restates and incorporates by reference Paragraphs 1 through 17 of its Complaint as if fully rewritten herein.

19. The Plaintiff is the assignee of a certain Mortgage of Real Estate (the "Mortgage"), dated December 21, 2006, and executed by Hy-Point Family Limited Partnership ("Titleholder") to secure repayment of the Loan. The Mortgage was originally in favor of the Original Lender. The Mortgage was recorded in Book M1597, Page 339 of the Records of the Clerk of Oldham County, Kentucky. A copy of the Mortgage is attached as Exhibit D.

20. The Mortgage was subsequently modified by that certain Mortgage Extension Agreement dated December 5, 2008, and recorded in Book D939, Page 152 of the Records of the Clerk of Oldham County, Kentucky. A copy of said Mortgage Extension Agreement is attached as Exhibit E.

21. The Original Lender then assigned the Mortgage to the Plaintiff by virtue of an Assignment of Security Instrument(s) dated December 20, 2010 and recorded in Book D992, Page of the Records of the Clerk of Oldham County, Kentucky. A copy of said Assignment is attached as Exhibit F.

22. The Mortgage was further modified by that certain Mortgage, Renewal and Extension of Note, Mortgage and Other Loan Documents recorded in Book D1059, Page 237 of the Records of the Clerk of Oldham County, Kentucky. A copy of the recorded Mortgage, Renewal and Extension of Note, Mortgage and Other Loan Documents is attached as Exhibit G.

23. Pursuant to the aforementioned Mortgage, Renewal and Extension of Note, Mortgage and Other Loan Documents, the Titleholder also executed a certain Second Real Estate Mortgage, which was recorded in Book M2083, Page 779 of the Records of the Clerk of Oldham County, Kentucky, and a copy of which is attached as Exhibit H.

24. The Mortgage, as amended and modified, constitutes a valid lien upon the real estate and improvements described in Exhibit I (the "Property").

25. As a consequence of the Borrower's default as described above, the conditions of defeasance contained in the Mortgage have been broken, and the Plaintiff is entitled to have the Mortgage foreclosed.

26. All conditions precedent to the Plaintiff's enforcement of the Mortgage have occurred.

27. Defendant United Citizens Bank & Trust Company may claim an interest in the Property by virtue of that certain Third Real Estate Mortgage recorded at Book M2163, Page 213 of the Records of the Clerk of Oldham County, Kentucky.

28. Oldham County and Crestwood may claim an interest in the Property by virtue of any real estate taxes and assessments due and owing.

### COUNT THREE – ASSIGNMENT OF LEASES

29. The Plaintiff restates and incorporates by reference Paragraphs 1 through 28 of its Complaint as if fully rewritten herein.

30.     To further secure repayment of the Loan, and in the same document as the Mortgage, the Titleholder executed an assignment of all rents and revenues of the Property (the "Assignment of Rents") to the owner and holder of the Mortgage.

31.     The Assignment of Rents constitutes a present, absolute, and unconditional assignment by the Titleholder of all rents and revenues of the Property (collectively, the "Rents").

32.     As a consequence of the Borrower's failure to make principal, interest, and other payments when due under the Note, the Plaintiff is now entitled to collect and receive all Rents from the Property and all Rents that the Titleholder has collected since the Loan Agreement and the Note have been in default.

33.     All conditions precedent to the Plaintiff's enforcement of the Assignment of Rents have occurred.

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1.      On Count One, for judgment against the Borrower for the following:

| Principal | $1,216,988.96 |
|---|---|
| Accrued Interest | $84,492.44 |
| **TOTAL** | **$1,301,481.40** |

plus regular interest that continues to accrue at the per diem rate of $141.70419 from April 2, 2018, plus any un-refunded portion of the bond the Plaintiff posted on behalf of the Borrower for the benefit of the Oldham County, Kentucky Planning and Zoning Commission, plus fees and advances that continue to accrue, plus the Plaintiff's attorney fees and costs accrued to date, and those which it will continue to accrue thereafter.

2.      On Count Two, that the Mortgage be adjudged a valid lien upon the Property, and that said lien be foreclosed; and that the Property be ordered sold and that Plaintiff be paid out of the proceeds of

such sale; and for such other relief, legal and equitable, as may be proper and necessary; and that all the other defendants herein be required to set up their liens or interest in the Property or be forever barred from asserting the same;

3. On Count Three, for an order that the Plaintiff is entitled to exercise all its rights under the Assignment of Rents and further ordering the Borrowers to turn over all Rents it is holding and which it has collected since the earliest event of default, and that the Plaintiff may receive and collect all Rents from the Property going forward;

4. On all Counts, for interest, its costs, attorney fees, and expenses;

5. On all Counts, for all other relief to which the Plaintiff is entitled in law and in equity.

Date: April 9, 2018

Respectfully submitted,

*/s/ Zachary D. Prendergast*
Zachary D. Prendergast (92935)
*Attorney for Plaintiff Southern Financial Group, LLC*
ROETZEL & ANDRESS, LPA
250 E. Fifth Street, Suite 310
Cincinnati, OH 45202
Phone: (513) 361-0200
Fax: (513) 361-0335
E-mail: zprendergast@ralaw.com

12269672 _2