UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:18-CV-219-RGJ-RSE

| | |
|---|---|
| SOUTHERN FINANCIAL GROUP, LLC, | (Judge Rebecca Grady Jennings) |
| Plaintiff, | |
| vs. | (Mag. Regina S. Edwards) |
| NEW DAY DEVELOPMENT, LLC F/K/A BRAMER-FERRIELL-STOESS, L.L.C., et al., | **JUDGMENT AND DECREE OF FORECLOSURE ON PLAINTIFF'S COMPLAINT** |
| Defendants. | |

THIS MATTER came to be heard upon the Plaintiff's Complaint on Promissory Note and for Foreclosure (the "Complaint"), filed on April 9, 2018, by Plaintiff Southern Financial Group, LLC (the "Plaintiff"), against Defendants New Day Development, LLC f/k/a Bramer-Ferriell-Stoess, L.L.C., Hy-Point Family Limited Partnership, United Citizens Bank & Trust Company, Commonwealth of Kentucky – County of Oldham, and Commonwealth of Kentucky – City of Crestwood.

Upon review of the pleadings and the evidence, the Court makes the following findings of fact and conclusions of law:

1. The above Defendants have all been properly served with a Summons and a copy of Complaint, and all have answered or otherwise appeared herein.

2. All parties necessary for a complete adjudication of this matter are before the Court.

3. On December 21, 2006, Branch Bank and Trust Company (the "Original Lender") extended a line of credit in the amount of $2,200,000.00 (the "Loan") to

Bramer-Ferriell-Stoess, L.L.C., pursuant to a certain Loan Agreement of the same date (the "Loan Agreement").

4. To evidence the Loan, Bramer-Ferriell-Stoess, L.L.C. executed a certain Promissory Note in the principal amount of $2,200,000.00 dated December 21, 2006. The Promissory Note shall be referred to as the "Note."

5. On or about December 7, 2010, the Original Lender assigned the Loan to the Plaintiff.

6. On October 5, 2012, Bramer-Ferriell-Stoess, L.L.C. amended its articles of organization with the Kentucky Secretary of State to change its name to New Day Development, LLC. New Day Development, LLC will hereafter be referred to as the "Borrower".

7. On or about June 18, 2013, the Loan Agreement and the Note were modified by that certain Modification, Renewal and Extension of Note, Mortgage and Other Loan Documents.

8. The Loan Agreement and the Note are in default as the Loan has matured but remains unpaid.

9. As a result of the Borrower's default as set forth above, the Plaintiff accelerated all unpaid principal amounts and all accrued and unpaid interest due under the Note.

10. All conditions precedent to the Plaintiff's enforcement of the Loan Agreement and the Note have occurred.

11. As a result of the above default and acceleration, the Plaintiff is presently owed on the Note and the Mortgage (as that term is defined below) from the Borrower the following:

| Principal | $1,216,988.96 |
| Accrued Interest | $84,492.44 |
| **TOTAL** | **$1,301,481.40** |

plus regular interest that continues to accrue at the per diem rate of $141.70419 from April 2, 2018, plus any un-refunded portion of the cash bond the Plaintiff posted on behalf of the Borrower for the benefit of the Oldham County, Kentucky Planning and Zoning Commission, plus fees and advances that continue to accrue, plus the Plaintiff's attorney fees and costs accrued to date, and those which it will continue to accrue thereafter.

12. The Plaintiff is the assignee of a certain Mortgage of Real Estate (the "Mortgage"), dated December 21, 2006, and executed by Hy-Point Family Limited Partnership ("Titleholder") to secure repayment of the Loan. The Mortgage was originally in favor of the Original Lender. The Mortgage was recorded in Book M1597, Page 339 of the Records of the Clerk of Oldham County, Kentucky.

13. The Mortgage was subsequently modified by that certain Mortgage Extension Agreement ("First Modification") dated December 5, 2008, and recorded in Book D939, Page 152 of the Records of the Clerk of Oldham County, Kentucky.

14. The Original Lender then assigned the Mortgage to the Plaintiff by virtue of an Assignment of Security Instrument(s) dated December 20, 2010 and recorded in Book D992, Page of the Records of the Clerk of Oldham County, Kentucky.

15. The Mortgage was further modified by that certain Modification, Renewal and Extension of Note, Mortgage and Other Loan Documents ("Second Modification") recorded in Book D1059, Page 237 of the Records of the Clerk of Oldham County, Kentucky.

16. In the Second Modification, the Borrower acknowledged that, as of June 18, 2013, the amount due and owing on the Note totaled $2,027,046.50 in principal and $57,284.91 in interest.

17. Pursuant to the aforementioned Second Modification, the Titleholder also executed a certain Second Real Estate Mortgage, which was recorded in Book M2083, Page 779 of the Records of the Clerk of Oldham County, Kentucky.

18. The Mortgage, as amended and modified, constitutes a valid lien upon the real estate and improvements described in Exhibit A (the "Property").

19. The Property is indivisible and cannot be divided without materially impairing its value and the value of the Mortgage, and the Property shall be sold as a whole.

20. As a consequence of the Borrower's default as described above, the conditions of defeasance contained in the Mortgage have been broken, and the Plaintiff is entitled to have the Mortgage foreclosed.

21. All conditions precedent to the Plaintiff's enforcement of the Mortgage have occurred.

22. The Mortgage constitutes a valid first mortgage on the Property, together with all improvements thereon, as well as any personal property described in the

Mortgage, appurtenances thereunto belonging, and the rents, issues, profits, encumbrances and interests of the parties hereto, except for the following:

a. All unpaid real estate taxes and all taxes due thereafter to the County of Campbell and all unpaid real estate taxes and all taxes due thereafter to the City of Crestwood;

b. Easements, restrictions, stipulations and agreements of record;

c. Assessments for public improvements levied against the Property; and

d. Any facts which an inspection and accurate survey of the Property may disclose.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is granted a judgment against Defendant New Day Development, LLC for the following:

| Principal | $1,216,988.96 |
| Accrued Interest | $84,492.44 |
| **TOTAL** | **$1,301,481.40** |

plus regular interest that continues to accrue at the per diem rate of $141.70419 from April 2, 2018, plus any un-refunded portion of the cash bond the Plaintiff posted on behalf of the Borrower for the benefit of the Oldham County, Kentucky Planning and Zoning Commission, plus fees and advances that continue to accrue, plus the Plaintiff's attorney fees and costs accrued to date, and those which it will continue to accrue thereafter.

IT IS FURTHER ORDERED that, unless Defendant Hy-Point Family Limited Partnership shall, within three days of the entry of this Judgment and Decree of Foreclosure, pay or cause to be paid to the Plaintiff the sums due to the Plaintiff, together with interest, and to the Clerk of this Court, the costs of the within action, the equity of redemption of Defendant Hy-Point Family Limited Partnership, and all persons claiming through Defendant Hy-Point Family Limited Partnership, shall be foreclosed and the Property sold, and the U.S. Marshal for the Western District of Kentucky shall appraise, advertise, and sell the Property, on a date set by him, according to law and the orders of the Court, and report his proceedings back to the Court. If the United States of America holds a lien on the real estate, the United States of America shall have the right to redeem as provided by 28 U.S.C. § 2410(C).

IT IS FURTHER ORDERED that the U.S. Marshal shall complete an appraisal of the Property by employing two disinterested, intelligent householders of Oldham County, Kentucky and obtaining from them broker's opinions of value regarding the Property.

IT IS FURTHER ORDERED that the Property shall be sold at public sale at the door of the United States Courthouse in Louisville, Kentucky, after advertising the time, terms, and place of sale, in accordance with KRS 424.130 as follows: The advertisement shall be published at least once not less than seven days nor more than 21 says before the date of sale, but may be published two or more times provided that one publication occurs not less than seven days nor more than 21 days before the date of sale.

IT IS FURTHER ORDERED that the sale shall be made to the highest and best bidder or bidder and the sale shall be for cash or 10% cash, with the balance payable within thirty (30) days, except that the deposit shall be waived if the Plaintiff is the

successful bidder. Any purchaser, other than the Plaintiff, who does not pay cash in full, shall be required to execute a bond, with surety acceptable to the U.S. Marshal and pre-approved by the U.S. Marshal at least by noon, two (2) business days before the sale date, to secure the unpaid balance of the purchase price, and the bond shall bear interest at the rate of 3.875% per annum from the date of the sale until paid, and shall have the same force and effect as a Judgment and shall remain and be a lien upon the Property until paid. The purchaser shall have the privilege of paying all of the balance of the purchase price prior to the expiration of the thirty (30) day period. The bond surety must be present at the sale and execute the Sale Bond and the Affidavit of Surety.

IT IS FURTHER ORDERED that if a representative of the Plaintiff is not present at the judicial sale, upon Motion of the Plaintiff, the sale shall be vacated.

IT IS FURTHER ORDERED that if the Plaintiff is the successful purchaser, it shall be entitled to a credit of its judgment herein against the purchase price and shall only be obligated to pay court costs, the fees and costs of the U.S. Marshal, and any real estate taxes payable pursuant to this Judgment and Decree of Foreclosure.

IT IS FURTHER ORDERED that the U.S. Marshal, the Court, and the Plaintiff shall not be deemed to warrant title of the Property to the purchaser.

IT IS FURTHER ORDERED that the Defendants, or any persons holding under them, after the sale shall no longer be entitled to possession of the Property, and the Defendants, or any persons holding under them, are ordered to vacate the premises upon confirmation of the sale. The U.S. Marshal is authorized and directed to evict any party or parties to this action occupying or claiming an interest in the Property adverse to the

purchaser upon proof of entry of this Judgment and Decree of Foreclosure and without further order of this Court.

IT IS FURTHER ORDERED that the U.S. Marshal shall serve notice on counsel for the Plaintiff of the time and date of the sale not less than three (3) weeks prior to the date of the sale. The U.S. Marshal shall immediately withdraw the sale and remand it from the sale docket if directed to do so at any time prior to the commencement of bidding at the sale, by the attorney for the Plaintiff or any member of the office staff of the attorney for the Plaintiff, regardless of whether said direction be made in writing or orally, by telephone or other means.

IT IS FURTHER ORDERED that the U.S. Marshal, upon confirmation of the sale of the Property, shall pay from the proceeds of the Property, upon the claim herein found, the amounts thereof in the following order of priority:

1. The costs of this action, including the fees of the appraisers.

2. The full satisfaction of taxes and assessments due and payable and legally assessed against the Property.

3. To the full satisfaction of the judgment of the Plaintiff herein.

4. The balance of the sale proceeds, if any, shall be held by the U.S. Marshal until further orders of the Court.

IT IS FURTHER ORDERED that the undetermined lien amounts in favor of any of the Defendants are transferred to the proceeds of the sale, if any.

IT IS FURTHER ORDERED that the purchaser of the Property shall take title free and clear of any duties or obligations that the Borrower or other Defendants may have as a declarant or developer of any owners' associations with interests in the Property.

IT IS FURTHER ORDERED that the Clerk of Courts shall send a copy of this Judgment and Decree of Foreclosure to all parties as required by Fed.R.Civ.P. 58(B).

IT IS SO ORDERED.

This is a final appealable order and there is no just cause for delay in its entry.

# EXHIBIT A

Lot Numbers 16, 43, 25, 26, 27, 28, 32, 39, 14, 44, C-2, C-4, C-6, Common-1, Common-2, and Common-3 of Claymont Springs Subdivision in Oldham County, Kentucky, all of said lots being part of a tract of land identified as "Tract 1" (49.77 acres) as shown on minor subdivision plat by James A. Harned, LPLS #3614, dated October 15, 2003, a copy of which is recorded with Deed dated October 21, 2003, recorded in Deed Book 780, Page 331, of the Oldham County Court Clerk's Office, together with ingress and egress easement as shown on said minor plat.

The metes and bounds description of Tract 1 is set forth below:

The following real estate is located at the north edge of Crestwood in Oldham County, Kentucky on the north side of Potts Lane between Old State Road 329 and the 329 Bypass.

Beginning at a set 5/8" iron pin and cap stamped "JAH PLS 3814" in the north line of Potts Lane Right-of-Way (ROW) as widened to 50 feet in the line of Terry and Cathy Muth (DB 243, PG 377), thence leaving Muth with said ROW S69°52'24"W 439.57 feet to a set 5/8-inch iron pin and cap stamped "JAH PLS 3814" in line of Thomas and Donna Stokes (DB 588, PG 168), thence leaving said ROW with Stokes N21°48'12"W 263.50 feet to a found 5/8" iron pin with cap stamped "ADAM WEST PLS 3333", thence with Stokes S69°21'49"W 89.05 feet to a found 5/8" iron pin with cap stamped "ADAM WEST PLS 3333" common corner to William and Martha Goodwin (DB 120, PG 455), thence leaving Stokes with Goodwin S69°21'49"W 67.74 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814" in the line of James and Lynda McWilliams (DB 438, PG 134), thence leaving Goodwin with McWilliams N22°48'34"W 28.15 feet to a point in a cedar post, N09°02'06"W 0.12 feet from a set 5/8" iron pin and cap witness monument stamped "JAH PLS 3814", thence with McWilliams S69°28'15"W 69.74 feet, passing a set 5/8" iron pin and cap witness monument stamped "JAH PLS 3814" at 66.74 feet, to a point in a cedar corner post in the line of Carl Clore Jr. (DB 91, PG 97), thence leaving McWilliams with Clore N22°03'33"W 274.42 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814" common corner to Patrick and Natalie Gemert (DB 537, PG 393), thence with Gemert S45°48'48"W 317.45 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814" in the east ROW of Old State Route (SR) 329, thence leaving Gemert with said ROW N51°04'34"W 1.28 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence continuing with said ROW on a curve with a radius of 1498.20 feet and a chord bearing N36°30'17"W 753.85 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence continuing with said ROW N 21°55'34"W 732.71 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814" common corner with Shelburn Oaks Subdivision (PB 2, Slide 32), thence leaving said ROW with Shelburn Oaks Subdivision N77°57'46"E 543.60 feet to a found 1" iron pipe corner to with Shelburn Oaks Subdivision, thence with Shelburn Oaks Subdivision S20°37'46"E 406.66 feet to a found 1" iron pipe corner with Shelburn Oaks Subdivision, thence N65°01'14"E 610.02 feet to a found 1" iron pipe corner to with Shelburn Oaks Subdivision, thence N69°32'40"E 876.46 feet to a found 1" iron pipe common corner with Shelburn Oaks Subdivision and in the west ROW line of SR 329 Bypass, thence leaving Shelburn Oaks Subdivision with said ROW, N70°35'15"E 44.65 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814" corner with said ROW, thence with said ROW S22°30'42"E 592.40 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with said ROW S42°00'17"E 118.17 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with said ROW S45°59'35"E 59.65 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814" thence with said ROW S87°42'36"E 64.55 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814" being a common corner to Oldham County (DB 120, PG 823), thence leaving said ROW with Oldham County S22°09'19"E 356.86 feet to a point in a 8 inch snag (hacked) corner to Daniel and Judy Rice (DB 280, PG 27) in west ROW line of Potts Lane, thence S69°43'44"W 474.90 feet, passing set 5/8" iron pin and cap witness monument stamped "JAH PLS 3814" at 5.00 feet, to a found 1/2" iron pipe in the line of Kenneth and Margaret Spenton (DB 432, PG 59) common corner to Jean Bolton (DB 432, PG 450), thence leaving Bolton with Spenton N20°38'31"W 196.31 feet to a found 3/4" iron pin, common corner to Stoess Farm Tract 2 thence leaving Spenton with Tract 2 N45°08'44"E 183.65 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814" thence with Tract 2 on a curve with a radius of 57.00 feet and chord bearing N20°54'22"W 46.27 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with Tract 2 on a curve with a radius of 35.00 feet and chord bearing N19°26'52"W 26.61 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with Tract 2 N42°00'17"W 113.66 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with Tract 2 on a curve with a radius of 270.00 feet and chord bearing N58°30'09"W 153.35 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with Tract 2 N75°00'00"W 203.60 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with Tract on a curve with a radius of 330.00 feet and chord bearing N57°59'27"W 193.06 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with Tract 2 on a curve with a radius of 35.00 feet and chord bearing N87°39'58"W 50.93 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with Tract 2 on a curve with a radius of 570.00 feet and chord bearing S23°17'10"W 433.75 feet to a set 5/8" iron pin and cap stamped "JAH PLS 3814", thence with Tract 2 S00°55'22"W 304.00 feet to a set 5/8"